IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDRE CARSTARPHEN, SR., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 16-00368-CG-N |
| | ) | |
| CARR ALLISON LAW FIRM, *et al.*, | ) | |
|     Defendants. | ) | |

## REPORT AND RECOMMENDATIONS

Plaintiff Andre Carstarphen, Sr., proceeding *pro se*, initiated this action on July 12, 2016, by filing a complaint with the Court. (Doc. 1). Three days later, upon *sua sponte* review, the undersigned Magistrate Judge ordered Carstarphen to file, no later than August 8, 2016, an amended complaint that, among other things, "contains 'a short and plain statement of the grounds for the court's jurisdiction,' Fed. R. Civ. P. 8(a)(1), and sufficient factual allegations demonstrating those grounds." (Doc. 6).[1] This deadline was subsequently extended to September 6, 2016. (*See* Doc. 18).

As the undersigned previously explained to Carstarphen (*see* Doc. 6),

> [w]hen a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) … Without such allegations, district courts are constitutionally obligated

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.*

to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).[2]

---

[2]

> Pleadings filed by *pro se* litigants are given liberal construction, but "we nevertheless have required them to conform to procedural rules." *Moton v. Cowart,* 631 F.3d 1337, 1341 n.2 (11th Cir. 2011) (quotation omitted). Plaintiffs must "affirmatively allege facts demonstrating the existence of jurisdiction." *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1273 (11th Cir. 2000) ("It is the plaintiff's burden ... to allege with sufficient particularity the facts creating jurisdiction ...." (quotation omitted)).

*Cornelius v. U.S. Bank Nat. Ass'n*, 452 F. App'x 863, 865 (11th Cir. 2011) (per curiam) (unpublished) (affirming dismissal of *pro se* complaint for failure to allege a sufficient basis for subject matter jurisdiction).

Carstarphen's Complaint (Doc. 1) does not contain, as it must, "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), nor is any reasonably apparent from the face of the Complaint. Under § 1332(a), a district court has subject matter jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

**(1)** citizens of different States;

**(2)** citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

**(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

**(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

However, a complaint's "allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio*, 735 F.3d at 1268. "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. And domicile requires both residence in a state and an intention to remain there indefinitely." *Id.* at 1269 (citation and quotations omitted). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Additionally, "[i]n order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*,

329 F.3d 805, 807 (11th Cir. 2003).  Carstarphen does not allege the citizenships of any of the parties in his Complaint.  Moreover, complete diversity of citizenship appears lacking at this time, as the record suggests Carstarphen and at least some of the defendants are citizens of Alabama.

The allegations in the initial Complaint also do not support jurisdiction under either "a specific statutory grant" or "federal question jurisdiction pursuant to 28 U.S.C. § 1331."  Carstarphen's Complaint (Doc. 1) consists of a disjointed factual narrative and various attached exhibits, without stating any specific cause(s) of action.  At most, the allegations indicate that Carstarphen is attempting to enforce a settlement agreement, which generally does not involve a question of federal law.[3] *See, e.g.*, *Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985) ("The construction and enforcement of settlement agreements are governed by principles of the state's general contracts law.").[4]

Because "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts[,]"  28 U.S.C. § 1653, and because "leave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly[,]"  *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th

---

[3] The Complaint also contains stray allegations that appear to reference Carstarphen's claims in his other action pending in this Court, *Carstarphen v. Judge Robert Smith et al.*, S.D. Ala. Case No. 1:16-cv-00170-KD-N.

[4] The fact that there may be a dispute over a "Medicare set aside" does not transform the issue into a federal one.  *See Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004) ("The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.  In other words, the state-law claim must really and substantially involve a dispute or controversy respecting the validity, construction or effect of federal law." (citation and quotations omitted); *Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 (11th Cir. 2000) ("And, even though this settlement agreement arose under the [Americans with Disabilities Act], state contract law directs our analysis here.").

Cir. 1984), the undersigned provided Carstarphen with an opportunity to cure his failure to sufficiently allege a basis for subject matter jurisdiction. (*See* Docs. 6, 8). Carstarphen was also expressly warned that "[t]he failure to do so will result in entry by the undersigned of a recommendation of dismissal of this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) …" (*Id.*).

On September 7, 2016, the Court received from Carstarphen a document styled as a "Subject Matter Jurisdiction Amendment" made under 28 U.S.C. § 1653, consisting of a single page of handwritten allegations with one-page document attached as an exhibit. (Doc. 20). The undersigned construes this document as an Amended Complaint filed in response to the previous orders. The Amended Complaint clarifies that Carstarphen's "only claim," if it can be called a claim, is for the Court to force the Defendants to agree to a settlement on Carstarphen's terms. Regardless, Carstarphen's Amended Complaint suffers from the same defect as the initial Complaint, in that it does not contain "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), nor is any reasonably apparent from the face of the pleading. The Amended Complaint does not allege a federal question or a "specific statutory grant" of jurisdiction, nor does it allege the citizenship of any of the parties for purposes of diversity jurisdiction under § 1332(a). Moreover, considering the allegations in the Amended Complaint, it does not appear that the amount in controversy in this action exceeds $75,000 exclusive of interests and costs, further precluding jurisdiction under § 1332(a).

Carstarphen has not alleged facts that, if true, show federal subject matter jurisdiction over this case exists, despite being given an opportunity to cure this deficiency, and the undersigned is convinced any further attempt to do so would be

futile. Thus, this Court is without power to do anything and must dismiss this action. *See Travaglio*, 735 F.3d at 1268; Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, under 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b)(1), the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction, and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.[5] In light of this, it is further **RECOMMENDED** that the Defendants' pending motions to dismiss the initial Complaint (Docs. 7, 14) be found **MOOT**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal

---

[5] Under S.D. Ala. GenLR 72(b), this civil action has been assigned to the undersigned Magistrate Judge to "[s]upervis[e] and determin[e] all pretrial proceedings" and to "make reports and recommendations" to the District Judge on dispositive matters. *See* S.D. Ala. GenLR 72(a)(2)(S).

for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 16th day of September 2016.

>	*/s/ Katherine P. Nelson*
>	**KATHERINE P. NELSON**
>	**UNITED STATES MAGISTRATE JUDGE**